# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Max Reed II,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>Shannon Chambers, et al.,<br><br>　　　　　　　Defendants. | Case No. 2:22-cv-02158-GMN-DJA<br><br>**Order** |

　　　　Plaintiff, an inmate currently residing at the High Desert State Prison, is proceeding in this action *pro se*, and has requested authority to proceed *in forma pauperis* under 28 U.S.C. § 1915. (ECF No. 1). Plaintiff also submitted a complaint. (ECF No. 1-1). Because the Court finds that Plaintiff's application to proceed *in forma pauperis* is complete, it grants his application. However, because the Court finds that Plaintiff's complaint lacks crucial facts, it dismisses Plaintiff's complaint with leave to amend.

**I.　　*In forma pauperis* application.**

　　　　Plaintiff filed the affidavit required by § 1915(a). (ECF No. 1). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II.　　Screening the complaint.**

　　　　Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

1  complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

### A. The Court dismisses Plaintiff's complaint without prejudice.

Plaintiff sues Labor Commissioner Shannon Chambers, Labor Director Terry Reynolds, and the Nevada Office of the Labor Commissioner ("OLC") for violations of his Fourteenth Amendment equal protection rights and due process rights. (ECF No. 1-1). Plaintiff asserts that while incarcerated, he worked without pay or for pay well under minimum wage. (*Id.* at 4-11). He sues Commissioner Chambers and Director Reynolds in their individual and official capacities over the OLC's refusal to address his two complaints. (*Id.* at 4).

Plaintiff alleges that he sent the OLC a complaint on May 12, 2022, asking the OLC to enforce Nevada's labor laws and minimum wage relating to his work completed while incarcerated. (*Id.* at 5). The OLC responded that, because Plaintiff was filing a complaint against a public entity, the OLC could not pursue it, citing NRS 608.005 and NRS 608.0113. (*Id.*). Plaintiff wrote another letter on June 6, 2022, arguing that neither NRS 608.005 nor NRS 608.0113 prevented the OLC from pursuing his complaint. (*Id.* at 6). On July 13, 2022, Plaintiff wrote another letter asking if the OLC was pursuing his complaint. (*Id.*). On July 21, 2022, Plaintiff received a letter from the OLC informing him that the OLC did not have jurisdiction over his complaint because the dates for which Plaintiff claimed to be owed wages exceeded the OLC's statute of limitations. (*Id.* at 6, 39). Plaintiff sent a "new and separate" labor complaint to the OLC on July 26, 2022. (*Id.* at 6). Plaintiff asserts that he has not received a response to this second complaint. (*Id.* at 6).

#### 1. Redundant defendants.

As a preliminary matter, Commissioner Chambers and Director Reynolds in their official capacity are redundant defendants of the OLC. This is because a suit against a government official in their official capacity is really a suit against the government entity. *Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 524 n.3 (9th Cir. 1999). Because Plaintiff has also named the OLC, Commissioner Chambers and Director Reynolds in their official capacity are redundant defendants.

2.      Fourteenth Amendment equal protection.

Plaintiff's first cause of action alleges that Defendants denied him equal protection under the law because they did not act on his first complaint and did not respond to his second, presumably because he is an inmate. (ECF No. 1-1 at 7). The Fourteenth Amendment provides that "[n]o State shall…deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV § 1. To prevail on an equal protection claim, Plaintiff "must allege facts plausibly showing that the defendants acted with an intent or purpose to discriminate against [him] based upon membership in a protected class." *Hartmann v. Cal. Dep't of Corr.*, 707 F.3d 1114, 1123 (9th Cir. 2013). But prisoners are not a suspect or protected class. *See Garnica v. Washington Dept. of Corr.*, 965 F.Supp.2d 1250, 1275 (W.D. Wash. Aug. 13, 2013) (citing *Moss v. Clark*, 886 F.2d 686 (4th Cir. 1989); *Thornton v. Hunt*, 852 F.2d 526, 527 (11th Cir. 1988); and *Pryor v. Brennan*, 914 F.2d 921 (7th Cir. 1990)); *see Wilkins v. Gaddy*, 734 F.3d 344, 348-49 (4th Cir. 2013). Because Plaintiff alleges that Defendants treated him differently because of his incarcerated status, which is not a protected status, he does not allege a Fourteenth Amendment equal protection claim. The Court thus dismisses Plaintiff's Fourteenth Amendment equal protection claim without prejudice.

3.      Fourteenth Amendment due process.

Plaintiff's second cause of action alleges that Defendants' actions deprived him of his property—his unpaid wages—without due process. (ECF No. 1-1 at 11). But Defendants did not deprive Plaintiff of his wages. Instead, Plaintiff's allegations describe the Defendants depriving him of the OLC's process for addressing labor complaints. However, the Nevada Labor Commissioner's duty to enforce Nevada labor laws applies only to private employment. *See* NRS 608.005 (stating that "the health and welfare of workers and the employment of persons in *private enterprise* in this State are of concern to the State…") (emphasis added); *see Morgan v. MacDonald*, No. cv-N-408-ECR, 1992 WL 246914, at *6 (D. Nev. Sept. 16, 1992) (stating that the Commissioner's "duty as the Nevada Labor Commissioner applies only to private employment…[and] plaintiff is an inmate, working on behalf of [the Ely State Prison] and the White Pine County School Board, neither of which constitutes private employment."). It is not

clear from Plaintiff's complaint or his attachments that he was employed by a private employer. This distinction is important because whether Plaintiff has a cognizable Fourteenth Amendment due process claim against the Defendants for not properly addressing his complaints turns in part on whether he was employed by a private employer. The Court thus dismisses Plaintiff's Fourteenth Amendment due process claim without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **granted.** Plaintiff will **not** be required to pay an initial installment fee. Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Nevada Department of Corrections will forward payments from the account of **Max Reed, Inmate No. 1068078**, to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of Court is kindly directed to send a copy of this order to the Finance Division of the Clerk's Office. The Clerk of Court is also kindly directed to send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Corrections,** P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-1) on the docket but shall not issue summons.

**IT IS FURTHER ORDERED** that the complaint (ECF No. 1-1) is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have until **May 1, 2023** to file an amended complaint if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court

1 cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint
2 complete. This is because, generally, an amended complaint supersedes the original complaint.
3 Local Rule 15-1(a) requires that an amended complaint be complete without reference to any
4 prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer
5 serves any function in the case. Therefore, in an amended complaint, as in an original complaint,
6 each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to**
7 **comply with this order will result in the recommended dismissal of this case.**

DATED: March 30, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE