UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Max Reed II,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Shannon Chambers, et al.,<br><br>　　　　　Defendants. | Case No. 2:22-cv-02158-ART-DJA<br><br>**Order** |

Before the Court is Plaintiff Max Reed II's amended complaint. (ECF No. 8). Plaintiff's amended complaint does not state a claim upon which relief can be granted. The Court thus dismisses Plaintiff's amended complaint with leave to amend.

**I.    Legal standard.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual

allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678.  Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570.  Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002).  Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states."  Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**II.     Discussion.**

Plaintiff sues former Nevada Labor Commissioner Shannon Chambers in her individual and official capacity; Labor Director Terry Reynolds in his official capacity; George B., a

caseworker at Southern Desert Correctional Center (SDCC), in his individual and official capacity; L. Anderson, a caseworker at SDCC, in his individual and official capacity; Ms. Hill, an inmate employment opportunity officer at High Desert State Prison (HDSP), in her individual capacity; Dwayne Wilson, a culinary supervisor at HDSP, in his individual capacity; Ms. Gomez, a caseworker at SDCC, in her individual capacity; Mr. Livingston, a correctional officer and work supervisor at SDCC, in his individual capacity; Charles Daniels, the former Nevada Department of Corrections (NDOC) Director, in his individual capacity; William Hutchings, a former SDCC warden, in his individual capacity; Silver State Industries in its individual and official capacity; Brian Williams, a warden at HDSP, in his individual capacity; and Jordan Noles, a canteen supervisor at SDCC, in his individual capacity.  Plaintiff asserts that while incarcerated, he worked without pay or for pay well under minimum wage.  He brings four causes of action: (1) violation of his Fourteenth Amendment due process rights; (2) violations of Article 15, Section 16 and Article 1, Section 8 of the Nevada Constitution; (3) violations of Article 1, Section 1 of the Nevada Constitution; and (4) violations of California laws.

      **A.**      ***Fourteenth Amendment due process.***

Plaintiff alleges that Commissioner Chambers violated his Fourteenth Amendment due process rights because she did not pursue his complaints for labor violations.  Through those complaints, Plaintiff asked the Commissioner to enforce Nevada's minimum wage requirement against Plaintiff's employer: the prison and Silver State Industries.  The Commissioner responded that she could not pursue Plaintiff's claim because he was filing a claim against a public entity.[1]

---

[1] Plaintiff also alleges that the Commissioner violated NRS § 607.110—which provides that the Labor Commissioner will inform herself of laws enacted for the protection and benefit of employees—when she informed him that he could pursue his claim on his own.  Plaintiff argues that the Labor Commissioner misstated the law because the Nevada Supreme Court's decision in *Baldonado v. Wynn* foreclosed Plaintiff's ability to pursue violations of Nevada's labor laws on his own.  *See Baldonado v. Wynn Las Vegas, LLC*, 124 Nev. 951, 961, 194 P.3d 96, 102 (2008). (finding that there is no private remedy for violations of NRS § 608.160—which prohibits taking an employee's tips—because "the Legislature has entrusted the labor laws' enforcement to the Labor Commissioner, unless otherwise specified.").  However, Plaintiff has not raised this as a separate cause of action.  And even if Plaintiff did intend violation of NRS § 607.110 to be a

Plaintiff's allegations describe Commissioner Chambers depriving him of the Office of Labor Commissioner's process for addressing labor complaints.  However, the Nevada Labor Commissioner's duty to enforce Nevada labor laws applies only to private employment.  *See* NRS § 608.005 (stating that "the health and welfare of workers and the employment of persons in *private enterprise* in this State are of concern to the State…") (emphasis added); *see Morgan v. MacDonald*, No. cv-N-408-ECR, 1992 WL 246914, at *6 (D. Nev. Sept. 16, 1992) (stating that the Commissioner's "duty as the Nevada Labor Commissioner applies only to private employment…[and] plaintiff is an inmate, working on behalf of [the Ely State Prison] and the White Pine County School Board, neither of which constitutes private employment.").  However, it appears that Plaintiff's complaints to the Commissioner involved his work performed for the prison and for Silver State Industries, public entities.[2]  (ECF No. 8 at 9).  Because the prison and Silver State Industries are public entities and because the Commissioner's duty to enforce labor laws only applies to private employment, Plaintiff has not alleged that the Commissioner deprived him of due process.  The Court thus dismisses Plaintiff's Fourteenth Amendment due process claim without prejudice.  The Court has previously given Plaintiff an opportunity to amend his complaint to explain whether he worked for a private employer.  (ECF No. 3).  Plaintiff has not made this assertion in his amended complaint.  The Court will give Plaintiff one final opportunity to amend his Fourteenth Amendment due process claim.

### B.   *Violations of Nevada's Constitution.*

Plaintiff alleges that Defendants violated Article 15, Section 16; Article 1, Section 8; and Article 1, Section 1 of the Nevada Constitution.  Article 1, Section 8 provides that "[n]o person shall be deprived of life, liberty, or property without due process of law."  However, as outlined above, the Nevada Labor Commissioner was not obligated to pursue Plaintiff's claim against his

---

separate cause of action, he provides no authority under which the Labor Commissioner would be civilly liable to an individual for misstating a labor law.

[2] *See* SILVER STATE INDUSTRIES, https://ssi.nv.gov/ (last visited Nov. 30, 2023) (explaining that Silver State Industries is a "self-supporting industrial program within the State of Nevada Department of Corrections System").

public employer. And Plaintiff has not described how the other Defendants violated his rights. Article 15, Section 16 provides a mandated minimum wage. However, the Nevada Supreme Court has concluded that inmates working in inmate work programs are not the individuals that Article 15, Section 16 is intended to protect. *Gonzalez v. State*, No. 82762, 2022 WL 3151751, at *1-2 (Nev. Aug. 4, 2022). Article 1, Section 1 establishes the inalienable rights to enjoying and defending life and liberty; acquiring, possessing, and protecting property; and pursuing and obtaining safety and happiness. Plaintiff alleges that Defendants have violated his rights under this provision by failing to pay the wages to which he is entitled. But Plaintiff has not established that he is entitled to these wages because he has alleged that he was working in inmate work programs.

### C. *Violations of California state laws.*

Plaintiff asserts that the Defendants have violated California state labor laws. However, Plaintiff has not explained how Defendants—who he alleges are citizens of Nevada—are bound by California's labor laws. Instead, Plaintiff simply states that, because he was a California resident at the time of his arrest, the Court has jurisdiction over his claims. However, although Plaintiff's alleged California citizenship may establish diversity jurisdiction, it does not establish that Defendants are bound to follow California law. The Court thus dismisses Plaintiff's California claims without prejudice.

**IT IS THEREFORE ORDERED** that the amended complaint (ECF No. 8) is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have until **January 2, 2024** to file an amended complaint if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original

complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order will result in the recommended dismissal of this case.**

DATED: December 1, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE