UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MAX REED II,<br><br>　　　　　　　　　　　　Plaintiff,<br>v.<br>SHANNON CHAMBERS, ET AL.,<br>　　　　　　　　　　　　Defendants. | Case No. 2:22-cv-02158-ART-DJA<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

*Pro se* Plaintiff Max Reed II filed this action against various defendants for claims related to working without pay or under the minimum wage while incarcerated. (ECF No. 1.) U.S. Magistrate Judge Albregts issued a report and recommendation recommending that the case be dismissed without prejudice for failure to file an amended complaint. (ECF No. 13.) Plaintiff filed an objection, requesting that the Court remove this case to the Ninth Circuit Court of Appeals. (ECF No. 14.) Plaintiff also filed a motion for a status check and a request to add supplemental authority to his objection. (ECF No. 15.) The Court overrules Plaintiff's objection and adopts Judge Albregts's report and recommendation in full.

I.   **STANDARD OF REVIEW**

Under the Federal Magistrates Act, a Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

1

## II. BACKGROUND

Plaintiff sues former Nevada Labor Commissioner Shannon Chambers; Labor Director Terry Reynolds; George B., a caseworker at Southern Desert Correctional Center (SDCC); L. Anderson, a caseworker at SDCC; Ms. Hill, an inmate employment opportunity officer at High Desert State Prison (HDSP); Dwayne Wilson, a culinary supervisor at HDSP; Ms. Gomez, a caseworker at SDCC; Mr. Livingston, a correctional officer and work supervisor at SDCC; Charles Daniels, the former Nevada Department of Corrections (NDOC) Director; William Hutchings, a former SDCC warden; Silver State Industries; Brian Williams, a warden at HDSP; and Jordan Noles, a canteen supervisor at SDCC. Plaintiff asserts that while incarcerated, he worked without pay or for pay well under minimum wage. He brings four causes of action: (1) violation of his Fourteenth Amendment due process rights; (2) violations of Article 15, Section 16 and Article 1, Section 8 of the Nevada Constitution; (3) violations of Article 1, Section 1 of the Nevada Constitution; and (4) violations of California laws.

## III. DISCUSSION

As Judge Albregts explained, the Court previously granted Plaintiff's request to proceed *in forma pauperis* and screened the first amended complaint pursuant to 28 U.S.C. § 1915. (ECF Nos. 3, 12). The Court dismissed the complaint with leave to amend and required that an amended complaint be filed by January 2, 2024. (ECF No. 12.) Judge Albregts informed Plaintiff that failure to comply with the order would result in recommended dismissal of the case. (*Id.* at 6.) Plaintiff did not file an amended complaint or request an extension to the deadline for doing so. As such, Judge Albregts recommended dismissal without prejudice.

Plaintiff filed an objection to the R&R, requesting that the Court remove this case to the Ninth Circuit Court of Appeals. (ECF No. 14 at 1.) This Court cannot remove this case to the Ninth Circuit. Plaintiff may file a notice of appeal

1  from this order to the Ninth Circuit.

2  In the objection, Plaintiff explains that he did not feel an amendment to the
3  complaint was necessary. (*Id.* at 2.) Plaintiff also makes several objections to
4  Judge Albregt's prior order dismissing his amended complaint without prejudice.

5  Plaintiff argues that the Court ignored the plain language of Article 15,
6  Section 16 of the Nevada Constitution and ignored his contention that several
7  defendants were liable for violating his right to receive minimum wage under the
8  Nevada constitution. (*Id.*) In his order dismissing Plaintiff's complaint without
9  prejudice, Judge Albregts discussed this claim and explained that although
10 Article 15, Section 16 provides a mandated minimum wage, the Nevada Supreme
11 Court has concluded that Article 15, Section 16 does not protect inmates working
12 in inmate work programs. (ECF No. 12 at 4-5 (citing *Gonzalez v. State*, 515 P.3d
13 318 (Nev. 2022).)

14 Plaintiff also argues that the Court misapplied state law which classified
15 Plaintiff as a state employee, which he is not. (ECF No. 14 at 3.) Judge Albregts
16 explained that Plaintiff could amend his complaint to explain whether he worked
17 for a private employer, rather than a state entity. (ECF No. 12 at 3-4.) Plaintiff
18 has declined to do so.

19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

**IV.  CONCLUSION**

It is therefore ordered that Plaintiff's objection (ECF No. 14) is overruled and Judge Albregts's report and recommendation (ECF No. 13) is adopted in full.

Accordingly, this action is DISMISSED without prejudice.

Plaintiff's motion for a status check and to add supplemental authority (ECF No. 15) is DENIED AS MOOT.

The Clerk of Court is directed to ENTER JUDGMENT accordingly.

DATED THIS 22nd day of November 2024.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

4